FILED

2009 Nov-16  PM 01:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DIANNE DARROW,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:08-CV-2397-RDP** |
| | } | |
| **DISCOVER BANK, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Plaintiff's motion to remand (Doc. #11), filed October 2, 2009. The parties have briefed the issue (Docs. #13, 14), and the motion is now properly under submission. For the reasons set forth below, the court concludes that Plaintiff's motion is due to be granted.

## I.      Procedural History

On November 21, 2008, Plaintiff filed her complaint in the Bessemer Division of the Circuit Court of Jefferson County, Alabama. (Doc. #1 at 4-5). Her complaint named the following Defendants: Discover Bank; Discover Financial Services, Inc.; Discover Financial Services, LLC; and Fictitious Defendants X, Y, and Z. (Doc. #1 at 6). Claiming "aggressive, abusive and unreasonable collection activity" aimed at coercing her into paying Defendants' claims, Plaintiff asserted two counts against them: (1) an Alabama common law claim that Defendants violated her privacy; and (2) a claim that Defendants violated the federal Fair Debt Collection Practices Act ("FDCPA"). (Doc. #1 at 7-9). The complaint did not include an *ad damnum* clause; rather, regarding the state law claim, Plaintiff requested "judgment against Defendants in such sum as may be awarded by the trier of fact," and regarding the FDCPA claim, Plaintiff requested "judgment for

Statutory Damages, and/or Actual Damages plus such penalties as to which she is entitled, reasonable attorneys' fees and costs."  (Doc. #1 at 9).

On December 23, 2008, Defendants filed their notice of removal with this court.  (Doc. #1). At the time they filed their removal petition, Defendants "could not prove the amount in controversy by a preponderance of the evidence, based solely on a Complaint claiming unspecified damages." (Doc. #13 at 2).  Nevertheless, because both claims share a common nucleus of operative facts, Defendants' basis for removal was federal question jurisdiction (covering the FDCPA claim) and supplemental jurisdiction (covering the state law invasion of privacy claim).  (Doc. #1 at 2).

On October 2, 2009, Plaintiff filed a motion requesting the court to (1) dismiss her FDCPA claim and (2) remand this action to the Bessemer Division of the Circuit Court of Jefferson County, Alabama.  (Doc. #11).  On October 8, 2009, the court held a hearing on the motion and granted Plaintiff's request to dismiss her FDCPA claim.  (Oct. 8, 2009 Order).  After the hearing, the parties conferred regarding whether the state law claim satisfies the amount in controversy requirement for purposes of diversity jurisdiction.  Plaintiff, however, refused to stipulate that the claim's value was either less than or more than $75,000.  (Doc. #12 ¶ 1).  Moreover, there is nothing before the court tending to establish the value of the claim.  The court, therefore, is unable to conclude with the requisite certainty that jurisdiction is proper on the basis of 28 U.S.C. § 1332.

Consequently, the only remaining issue for the court to decide is whether retaining jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1367(c)(3).  On November 2, 2009, Defendants filed their brief requesting the court to continue exercising supplemental jurisdiction.  (Doc. #13).  On November 4, 2009, Plaintiff filed her reply.  (Doc. #14).  In Plaintiff's reply brief, although she challenged certain arguments raised by Defendants, she commented that

"[s]hould this Court determine that it has jurisdiction the Plaintiff does not object to that decision. Plaintiff states her position simply and shows that, should the Court determine that it has jurisdiction, she happily submit[s]."  (Doc. #14 at 1-2).

## II.    Discussion

As the Eleventh Circuit has explained, "[i]t is now axiomatic that the inferior federal courts are courts of limited jurisdiction.  They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which has been entrusted to them by a jurisdictional grant authorized by Congress."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted).  The party seeking a federal forum must shoulder the burden of establishing jurisdiction, and the court presumes that it "lack[s] jurisdiction unless the contrary appears affirmatively from the record."  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 323, 324 n.3 (2006).  To the extent that uncertainties remain, the court is obligated to order a case's remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  This court has subject matter jurisdiction over this case because, at the time it was removed, the complaint contained a federal law claim.  Plaintiff has since dismissed that claim so the question here is whether the court should retain jurisdiction over this case.

Under 28 U.S.C. § 1367(c)(3),[1] the court has discretion to retain jurisdiction over a case, otherwise lacking an independent basis for jurisdiction, when the claim serving as the predicate for supplemental jurisdiction is dismissed.  *See Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) ("The court had discretion to retain jurisdiction over the state law claims even after [the

---

[1] According to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."

plaintiff] amended the complaint to remove any federal cause of action.") (citations omitted). Although the statute affords the court with discretion, the decision whether to retain jurisdiction is not unbounded. Instead, the Eleventh Circuit requires the principles of "comity, judicial economy, convenience, [and] fairness" to inform the court's determination. *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (quoting *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir. 1996)). For the reasons outlined below, these factors weigh heavily in favor of remanding this case.

First, comity weighs in favor of remand. In *Sanders v. Horton*, No. 08-0635, 2009 U.S. Dist. LEXIS 23984, at *1 (S.D. Ala. Mar. 23, 2009), the plaintiff initiated her lawsuit in state court and alleged various state law claims and a claim under 42 U.S.C. § 1983 against the defendants. The defendants, invoking federal question jurisdiction and supplemental jurisdiction, removed the case. *Id.* Approximately three months after removal, the plaintiff filed an unopposed motion to voluntarily dismiss her § 1983 claim, which the court granted. *Id.* At that point, her only remaining claims were state law causes of action, and the court ordered the parties to brief whether it should retain jurisdiction under § 1367(c)(3). *Id.* Finding that the principle of comity did not warrant the court's continued exercise of supplemental jurisdiction, the court observed that "Alabama state courts are the final arbiters of Alabama law and can provide a surer-footed reading of Alabama law than a federal court can, such that comity favors the federal court stepping aside where no federal interest is implicated by the remaining state-law claims." *Id.* at *11 n.5. The Southern District of Alabama's position accords with well-established policy in the Eleventh Circuit: "State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat'l Bank*, 117 F.3d 1342, 1353 (11th Cir. 1997) (affirming court's decision not to retain jurisdiction via § 1367(c)(3)).

4

As Defendants observed in their brief urging the court to retain jurisdiction, "the remaining state law claims in this case are straightforward and hardly novel. . . . These are not unusual claims under Alabama law, but rather are run-of-the-mill claims asserted routinely in actions arising from debt collection activities." (Doc. #13 at 4-5).  Thus, Defendants have not identified any federal interests sufficient to warrant the court's continued exercise of supplemental jurisdiction.  Consequently, an Alabama state court would be in a better position than a federal court to adjudicate this dispute and resolve the application of state law.

Second, judicial economy weighs in favor of remand.  Courts confronted with this factor have keyed the inquiry to the length of time and resources already invested in the litigation.  *See, e.g.*, *Sanders*, No. 08-0635, 2009 U.S. Dist. LEXIS 23984, at *11-12 n.5 ("[The district court does not have] the kind of sustained, in depth involvement with this action that might trigger considerations of judicial economy warranting continued exercise of supplemental jurisdiction here.  This case is not mid-stream, but is instead far nearer its origin than its terminus.  In this posture, an Alabama court could replicate this Court's present degree of familiarity with this action readily and with negligible efficiency costs."); *Young v. City of Gulf Shores*, No. 07-0810, 2009 U.S. Dist. LEXIS 28395, at *4-5 (S.D. Ala. Apr. 2, 2009) ("Impacts on judicial economy are measured in order to support the conservation of judicial energy and avoid multiplicity in litigation or substantial duplication of effort.") (citations and internal quotation marks omitted).

The court's involvement with this litigation has been exceedingly slight.  Specifically, the court (1) suspended the parties' Rule 26 obligations in order to facilitate their mediation efforts (Feb. 18, 2009 Order); (2) entered a scheduling order (Doc. #7); and (3) ordered Plaintiff to respond to Defendants' written discovery requests (Doc. #9).  A remand of this case would not require the state

court to expend significant time familiarizing itself with the case, as the record at this point is minimal. Thus, once this case is remanded, unnecessarily duplicative judicial efforts are unlikely.

Third, Defendants, citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), contend that Plaintiff's alleged forum shopping should tip the balance in favor of retaining jurisdiction. (Doc. #13 at 5). As Defendants argue, because Plaintiff dropped the federal claim on the brink of the lawsuit's one-year anniversary, thereby jeopardizing Defendants' potential opportunity to remove the case again post-remand, her "timing . . . certainly suggests the possibility of forum manipulation." (Doc. #13 at 6). Additionally, Defendants suggest that Plaintiff's refusal "to cap her potential damages at $75,000 is further evidence of forum manipulation." (Doc. #13 at 6). Defendants elaborate:

> Plaintiff knows that, under *Lowery*[ *v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007)] and its progeny, Defendants cannot prove that the amount in controversy exceeds $75,000 on the basis of a Complaint claiming unspecified damages. Moreover, in the post-*Lowery* world, even a refusal to stipulate may not be enough to meet the removing defendant's burden of proving the amount by a preponderance of the evidence. If the case is remanded, we all know that Plaintiff (who is an employee of the Bessemer Court Clerk's Office) will claim damages exceeding $75,000 – and without fear of any removal (because of the one-year bar, and because of the *Lowery* standard). In the end, Plaintiff's refusal to stipulate to a capped recovery of $75,000 should be the determining factor which counsels in favor of this Court's retaining jurisdiction.

(Doc. #13 at 6-7).

As the Middle District of Alabama explained in light of the *Carnegie-Mellon* decision, a litigant's reconfiguration of the complaint for the purpose of defeating federal jurisdiction is one variable that a court may consider when deciding whether to retain jurisdiction under § 1367(c)(3):

> Although forum manipulation is a legitimate and serious concern when a plaintiff dismisses the federal claims that were the basis for federal jurisdiction and moves to remand, that concern does not require a blanket prohibition on remands when the federal district court's jurisdiction over a case is inherently discretionary.  A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case but that behavior is only taken into account as part of the balance of factors for determining whether remand is appropriate.  There is no categorical prohibition on remanding in these circumstances regardless of whether the plaintiff has attempted to manipulate the forum.

*Shelley v. City of Headland*, No. 1:09-CV-509, 2009 U.S. Dist. LEXIS 62243, at *7-8 (M.D. Ala. July 21, 2009) (citations and internal quotation marks omitted).  In short, whether and to what extent Plaintiff has engaged in manipulative tactics is a non-dispositive variable for the court to consider in its total balance of factors.

Plaintiff's explanation for voluntarily dismissing her FDCPA claim on the eve of the discovery cutoff and the lawsuit's one-year anniversary does not raise the specter of improper forum manipulation: "[Plaintiff] has chosen to abandon these claims, in part because she is not satisfied that the Defendants are debt collectors within the meaning of the Fair Debt Collection Practices Act." (Doc. #11).  Plaintiff clarified that "[Defendants] may not have been a debt collector within the terms of the [FDCPA]; but, because of corporate transfers that are not in evidence, it is possible that it was a debt collector, within said act.  Because of the absence of proof, as discovery deadlines approached, Plaintiff's Counsel chose to dismiss the FDCPA Claims." (Doc. #14 at 1).  In other words, faced with a looming discovery deadline and a count lacking in evidentiary support, Plaintiff opted in good faith to dismiss the claim.  The court is unwilling to supplant Plaintiff's plausible explanation in favor of Defendants' alternative account.  *See Salav v. Boyland Auto Orlando*, LLC, No 6:07-CV-

1892, 2008 U.S. Dist. LEXIS 6442, at *8-9 (M.D. Fla. Jan. 29, 2008) (rejecting a similar forum shopping argument because, applying *Carnegie-Mellon University*, the court concluded that "Defendant introduces no evidence that Plaintiff dismissed his federal claim *in an effort* to destroy federal jurisdiction") (emphasis added).

The court is also unable to infer bad faith sufficient to warrant retention of jurisdiction based upon Plaintiff's refusal to stipulate to the value of the claim.  Short of a carefully crafted discovery request, a plaintiff is not required to specify damages except to the extent prescribed by Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  Indeed, as Defendants acknowledged, in the Eleventh Circuit, plaintiffs, hoping to avoid a federal forum, have a strong incentive not to freely disclose the value of their claims during the removal window.  In other words, both sides of the litigation have a certain degree of control over forum selection.  One party's decision to invoke that authority does not constitute underhanded scheming.  At bottom, and as the Middle District of Florida concluded in *Lake County v. NRG/Recovery Group, Inc.*, 144 F. Supp. 2d 1316, 1321 (M.D. Fla. 2001), "a remand to state court would merely effectuate [Plaintiff's] original choice of a state forum and, therefore, the traditional aversion of federal courts to forum shopping is not substantially implicated."  Here, Plaintiff initiated this action in the Bessemer Division of the Circuit Court of Jefferson County, Alabama, and now that the lawsuit lacks an independent basis for jurisdiction, her motion to remand would simply return the case to that court.  Accordingly, the court is reluctant to discern an improper basis for Plaintiff's refusal to specify the value of her claim.  Defendants' argument, therefore, fails to overcome the strong presumption in favor of remand.

III.    **Conclusion**

In sum, even if the court accepted Defendants' interpretation of events, an allegation of forum shopping, on its own, is inadequate to counterbalance the principles of comity and judicial efficiency, which both strongly weigh in favor of remand. For these reasons, and resolving all doubts in favor of remand (as the court must), the court concludes that continuing to retain jurisdiction over this action would be improper. This case is due to be remanded to the Bessemer Division of the Circuit Court of Jefferson County, Alabama. A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this _____16th_____ day of November, 2009.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE